**PAUL J. HETZNECKER, ESQUIRE**
Attorney I.D. No. 49990
1420 Walnut Street, Suite 911
Philadelphia, PA 19102
(215) 893-9640                    **Attorney for Plaintiff Gregory Porterfield**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY PORTERFIELD** : | |
| **54 East Collom Street** : | **CIVIL ACTION** |
| Philadelphia, PA 19144 : | |
| **Plaintiff** : | **NO:        16    2295** |
| vs. : | |
| **POLICE OFFICER CYRUS MANN** : | |
| **Badge Number 1781** : | |
| **City of Philadelphia Law Department** : | |
| 1515 Arch Street, 15ᵗʰ Floor : | **JURY TRIAL DEMANDED** |
| Philadelphia, PA 19103 : | |
| and : | **FILED** |
| **POLICE OFFICER JOSEPH REIBER** : | |
| **Badge Number 2234** : | MAY 1 1 2016 |
| **City of Philadelphia Law Department** : | MICHAEL E. KUNZ, Clerk |
| 1515 Arch Street, 15ᵗʰ Floor : | By_____ Dep Clerk |
| Philadelphia, PA 19103 : | |
| and : | |
| **CITY OF PHILADELPHIA** : | |
| **Law Department** : | |
| 1515 Arch Street, 15th Floor : | |
| Philadelphia, PA 19103 : | |
| **Defendants** : | |

## COMPLAINT

1.      This is a complaint for money damages brought pursuant to 42 U.S.C. §1983

and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution,

and under the Commonwealth of Pennsylvania Constitution. Jurisdiction is based upon 28

U.S.C. §1331 and 1343 and, pendent jurisdiction of this court to consider claims under state

law.

- 1 -

## PARTIES

2. Plaintiff, Gregory Porterfield is, at all times relevant to this Complaint, an adult resident of the City of Philadelphia, Pennsylvania and is presently fifty-six (56) years old.

3. Defendant, Police Officer Cyrus Mann, Badge No. 1781, is and was at all times relevant to this Complaint, a police officer with the City of Philadelphia Police Department and acting under the color of state law. He is sued both individually and in his official capacity.

4. Defendant, Police Officer Joseph Reiber, Badge No. 2234, is and was at all times relevant to this Complaint, a police officer with the City of Philadelphia Police Department and acting under the color of state law. He is sued both individually and in his official capacity.

5. Defendant The City of Philadelphia is a municipal corporation and the employer of the individually named defendants.

## FACTS

6. On June 26, 2014, the Plaintiff, Gregory Porterfield, left his place of worship, located at 414 East Penn Street in the City and County of Philadelphia and agreed to give his friend a ride.

7. Without reasonable suspicion or probable cause to stop the vehicle, Defendant Officer Mann and Defendant Officer Reiber conducted a stop of the vehicle driven by the Plaintiff in the area of Mascher and Godfrey Streets in Philadelphia, Pa. Upon information and belief, the driver of the police vehicle was Defendant Mann. Shortly after the unlawful stop of the vehicle, Defendant Mann approached the driver's side of the vehicle and after a brief conversation with the Plaintiff, Defendant Mann, without reasonable suspicion, or

- 2 -

probable cause, ordered Plaintiff to get out of his vehicle. As Defendant Mann ordered

Plaintiff to get out of his vehicle, the Defendant opened the driver's side door. At the time

Plaintiff was carrying a gun in his right pocket. Following the death of his older son, the

alleged killer had threatened the Plaintiff and his family, and therefore, Plaintiff was carrying

the gun for his own protection.

8.      Without reasonable suspicion to stop or frisk, or probably cause to search or

seize the Plaintiff, The Plaintiff was taken from his vehicle by Defendant Officer Mann, and

moved to the rear of his vehicle by Defendant Mann. Plaintiff was then pushed up against his

vehicle with Defendant Mann forcing Plaintiff to place his hands on the vehicle and spread his

legs in order for Defendant Mann to conduct a frisk for weapons.

9.      Upon information and belief, at the moment the Plaintiff was taken from the

vehicle by Defendant Mann, Defendant Reiber had moved from the passenger side of

Plaintiff's vehicle to the rear of the vehicle in order to assist Defendant Mann in the unlawful

frisk and search of Plaintiff.

10.     As Defendant Mann pushed the Plaintiff onto the vehicle he asked the Plaintiff if

he was armed. The Plaintiff responded by telling Defendant Mann that he had a gun on him

while simultaneously the Plaintiff patted his right front pocket to indicate to the Defendant

Mann where the weapon was located. Upon information and belief, Defendant Reiber was

standing near Defendant Mann at the time the Plaintiff was forced up against the rear of his

vehicle. As the Plaintiff patted his front pocket to show Defendant Mann where the gun was,

Defendant Mann immediately grabbed the Plaintiff from behind pushed the Plaintiff in an

effort to force him to the ground. As the Plaintiff stumbled forward the Plaintiff raised his

- 3 -

empty hands in the air in order to demonstrate to Defendant Mann that he did not have the
weapon in his hands, the Plaintiff heard several gunshots and immediately felt pain in his
back. At no time did the Plaintiff point or threaten either Defendant Mann or Defendant
Reiber with the weapon that was in his pocket. Both Defendant Mann, and Defendant
Reiber, without any legal justification, immediately began repeatedly firing their weapons at
the Plaintiff while he held his arms up demonstrating that his hands were empty. The Plaintiff
was struck numerous times by gunshots fired from both Defendant Mann and Defendant
Reiber.

11.     Eventually, Plaintiff lost consciousness at the scene. The last thing Plaintiff
remembers was the paramedics cutting off his clothes. The Plaintiff was transported to
Einstein Hospital emergency room for treatment for multiple gunshot wounds. Eventually, it
was revealed that the Plaintiff was shot eight times by both Defendants Mann and Reiber.
Specifically, the Plaintiff was shot twice in the back, once left side of the buttocks, twice on
left side of the chest near his underarm, once in the rear of the left shoulder, left wrist and left
index finger and the back of the right leg which went through and exited the front of his right
leg.

12.     Plaintiff was treated in the intensive care unit of Einstein Hospital for several
days, then transferred to a recovery unit. The Plaintiff spent a total of two weeks in the
hospital while being treated for the gunshot wounds.

13.     In an effort to cover up shooting the Plaintiff without just cause, both
Defendant Mann and Defendant Reiber fabricated statements regarding the use of excessive
force against the Plaintiff. Specifically, both Defendant Mann, and Defendant Reiber falsely

- 4 -

stated that the Plaintiff drew his weapon, pointed it at them at fired his weapon in their direction. Based upon the false statements made by Defendant Mann and Defendant Reiber, the Plaintiff was falsely charged with attempted murder and aggravated assault on Police Officer Mann. The Plaintiff's bail was set at $1,000,000.

14.     Eventually, the Plaintiff was transferred from Einstein Hospital to the Prison Health Service Wing at the Detention Center, Philadelphia Prison System. The Plaintiff spent five (5) months recovering in the Prison Health Service Wing of the Detention Center.

15.     At no time during the unlawful detention of Plaintiff did the Plaintiff ever attempt to point the weapon at the defendant police officers, or act in any way which would justify the use of deadly force.

16.     The Plaintiff has suffered permanent physical injury as a result of the shooting by Defendants Mann and Reiber. The following injuries are some, but not all of the injuries the Plaintiff suffered as a result of the excessive force employed by Defendant Mann and Defendant Reiber. Presently, the Plaintiff has permanent nerve damage in his right leg. As a result of the gunshot wounds the Plaintiff has a severe permanent limp and at times requires the use of a cane or walker. As a result of the gunshot wounds, the Plaintiff has decreased mobility in left arm, and with the loss of the knuckle on his left index finger, which presents the Plaintiff from full use of his left hand. Additionally, the Plaintiff suffers from nerve damage to the same wrist and suffers with constant pain in his back and numbness in his legs.

17.     As a direct and proximate cause the actions of Defendant Mann and Defendant Reiber, specifically, using excessive force by shooting the Plaintiff multiple times, the Plaintiff suffers with anxiety, insomnia and psychological damage.

18.     Upon information and belief, on dates prior to the stop of Plaintiff, Defendant
Mann had been involved in two officer involved shootings while on duty as a Philadelphia
Police Officer.

19.     On June 17, 2011 Defendant Officer Cyrus Mann fired his weapon five times at
Jeremy May, wounding an unarmed driver of a vehicle in the area of the 5100 Duffield Street
in the City and County of Philadelphia, PA. Defendant Officer Mann fired his weapon,
asserting that at the time he fired his weapon at Mr. May, he believed that Mr. May was
armed, and because he " was in fear for his life." Although Mr. May was unarmed,
Defendant's decision to fire his weapon at Mr. May, an unarmed civilian, caused serious
bodily injury, amounted to excessive use of force.

20.     On August 9, 2012, Defendant Officer Cyrus Mann while on duty, shot and
killed an unarmed man, Hassan Eugene Pratt in the vicinity of 56th and Walton Streets in the
City and County of Philadelphia. Following a pretextual vehicle stop, Defendant Officer
Mann, without reasonable suspicion to conduct a stop and frisk, or probable cause to conduct a
search of the vehicle, ordered the occupants of the vehicle, including the decedent, Hassan
Eugene Pratt, in order to conduct an unlawful frisk of each occupant, as well as an illegal
search of the vehicle. After unlawfully frisking Mr. Pratt, Mr. Pratt fled the scene. Although
Pratt was not armed, Defendant Officer Mann chased the decedent into an alley which was a
dead end. Based on all objective facts available to Defendant Mann, Mr. Pratt t was unarmed
and therefore posed no threat to Defendant Mann, Defendant Mann fired at Mr. Pratt striking
him in the torso three times and killing him. At no time did the decedent, Mr. Pratt commit

- 6 -

any crime that justified the unlawful frisk and subsequent use of excessive force by Defendant
Officer Mann.

21. Despite the fact that Defendant Officer Mann committed these two prior
shootings, each involving excessive use of force, both following unconstitutional seizures, the
Philadelphia Police Department did not terminate Defendant Officer Mann, but rather placed
Officer Mann back on duty as a patrol officer knowing that Officer Mann had violated the
constitutional rights of city residents on multiple occasions, including these two prior shootings
of civilians. Furthermore, upon information and belief, Defendant Officer Mann was placed
back on patrol by the Philadelphia Police Department without adequate re-training, discipline
or supervision, and after the Police Department Command was clearly on notice that Defendant
Officer Mann had violated the constitutional rights of residents of the City of Philadelphia,
including shooting two civilians without lawful reason or justification.

22. For years the Philadelphia Police Department has maintained a systematic practice
of failing to properly train, supervise, discipline and re-train its police officers in the proper
use of force and proper use of deadly force in particular.

23. According to a 2015 Justice Department Report by the Collaborative Reform
Initiative entitled, *As Assessment of Deadly Force in the Philadelphia Police Department*,
between 2007-2014 there were 394 officer involved shootings committed by Philadelphia
police officers on civilians. The report details numerous findings that revealed that the
Philadelphia Police Department's implementation of the use of deadly force training,
supervision, and re-training was inadequate. Additionally, the Justice Department Report
concluded that he Philadelphia Police Department's Use of Deadly Force policy as written was

- 7 -

vague, confusing and uses terms which are not based upon legal precedents.

24.    Furthermore, the study found that the weapons training for new recruits was inconsistent, and that Academy instruction materials on the use of force policy and use for force continuum are inconsistent. Furthermore, the academy instruction and scenario based training sessions are inconsistent and those related to the use of force end with the officer having to use force. The Justice Department Report found that the Philadelphia Police Department lacks a field training program and therefore, police officers do not receive regular in-service training on threat perception, decision-making and de-escalation.

25.    The Philadelphia Police Department's policy and practice regarding the investigation of officer involved shootings is woefully inadequate on every level. The initial "public safety statement" taken by the transporting supervisor lacks structure and consistency. The report further stated that there is a general lack of consistency in the quality of crime scene control and integrity. Specifically, regarding investigations into police involved shootings is unnecessarily delayed as the Internal Affairs Division shooting team waits for the District Attorney's Office to decline charges before it interviews the officers and closes its investigation. The interviews are not recorded by audio or video recording devices. The Philadelphia Police Department does not have consistent training for shooting team members, and the shooting team does not follow a formal process for consulting experts. The Justice Department findings regarding the inconsistency and inadequacy of the investigation methods and procedures conducted by the Philadelphia Police Department into police involved shootings is a direct cause of the improper and unconstitutional shootings committed by Philadelphia police officers generally, and specifically, was the direct cause of the unconstitutional use of

- 8 -

excessive force committed by the Defendants Mann and Reiber against the Plaintiff in this case.

26.     The Justice Department Report concluded that the Philadelphia Police Department's disciplinary code regarding firearm discharges is inconsistent and ranges widely in terms of the discipline that may be imposed.

27.     The Philadelphia Police Department does not have an established process for organizational learning related to officer involved shootings, and more significantly the use of force.

28.     All of the findings issued by the Justice Department in the above-mentioned report, the Philadelphia Police Department's inadequate use of force policy and use of deadly force policy, the inadequate education regarding these policies, inadequate initial training, inadequate re-training after the discharge of a firearm by a police officer, failure to properly investigate police involved shootings, inadequate supervision, inconsistent and inadequate discipline, are all factors that were a direct and proximate cause of the excessive use of force deployed by the Defendants Mann and Reiber that resulted in the violations of Plaintiff's constitutional rights in this case.

## COUNT I – EXCESSIVE FORCE BY DEFENDANT OFFICER MANN PURSUANT TO 42 U.S.C. §1983

29.     Paragraphs 1 through 28 of this Complaint are incorporated herein by reference.

30.     On or about June 26, 2014, Defendant Police Officer Cyrus Mann, without legal justification, acted alone, without just cause or lawful reason, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, by unlawfully

- 9 -

discharging his weapon, shooting at the Plaintiff multiple times while the Plaintiff posed no threat to either Defendant Mann or Defendant Reiber.

31.     As a direct and proximate cause of the Defendant's unlawful use of excessive force, the Plaintiff suffered physical pain and permanent injuries as set forth herein, some if not all may be permanent.  Additionally, the Plaintiff suffered, and continues to suffer, psychological injury as a result of the life-threatening physical injuries he received as a result of the Defendant Officer Mann's actions.

32.     The Defendant Police Officers Mann and Reiber, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth Amendment and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. §1983 .

## COUNT II – EXCESSIVE FORCE BY DEFENDANT OFFICER REIBER PURSUANT TO 42 U.S.C. §1983

33.     Paragraphs 1 through 32 of this Complaint are incorporated herein by reference.

34.     On or about June 26, 2014, Defendant Police Officer Joseph Reiber, without legal justification, acted alone, without just cause or lawful reason, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, by unlawfully discharging his weapon, shooting at the Plaintiff multiple times while the Plaintiff while the Plaintiff posed no threat to either Defendant Mann or Defendant Reiber.

35.     As a direct and proximate cause of the Defendant's unlawful use of excessive force,  the Plaintiff suffered physical pain and permanent injuries as set forth herein, some if not all may be permanent.  Additionally,  the Plaintiff suffered, and continues to suffer,

- 10 -

psychological injury as a result of the life-threatening physical injuries he received as a result of the Defendant Police Officer's actions.

36.     The Defendant Police Officers Mann and Reiber, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth Amendment and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. §1983.

### COUNT III – CONSPIRACY TO COMMIT EXCESSIVE FORCE PURSUANT TO 42 U.S.C. §1983 DEFENDANT OFFICER MANN AND DEFENDANT OFFICER REIBER

37.     Paragraphs 1 through 36 of this Complaint are incorporated herein by reference.

38.     On or about June 26, 2014 Defendants, Police Officer Cyrus Mann and Police Officer Joseph Reiber, acting under the color of state law, acted jointly and/or in concert and conspiracy, with one another, did with deliberate indifference agreed to use excessive force upon the Plaintiff, by discharging their weapons shooting at Plaintiff, striking him multiple times including his back, buttocks, finger and arm. At no time during or after the shooting, did Plaintiff present a threat to either Defendant Mann or Defendant Reiber.

39.     As a result of the conduct of Defendant Police Officer Cyrus Mann and Police Officer Joseph Reiber, acting under the color of state law, with deliberate indifference discharged their weapons, shooting the Plaintiff multiple times on various parts of his body, did cause grievous bodily injury, which may be permanent, as well as psychological injury which may be permanent.

40.     The Defendants, Police Officer Cyrus Mann, and Police Officer Joseph Reiber, acting under the color of state law and with deliberate indifference conspired with one another

- 11 -

to use excessive force which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. §1983.

## COUNT IV: MALICIOUS PROSECUTION
## PURSUANT TO 42 U.S.C. §1983

41.     Paragraphs 1 through 40 of this Complaint are incorporated herein by reference.

42.     Defendant Police Officer Cyrus Mann and Joseph Reiber, did with deliberate indifference, and acting under the color of state law, falsely arrested and based upon their false statements, caused the Plaintiff to be maliciously charged with two counts of attempted murder, aggravated assault and related charges on each of the Defendant Officers, Cyrus Mann and Joseph Reiber. The Defendant Officers Mann and Reiber fabricated evidence by submitting false statements in an effort to cover up their own misconduct. Knowing that there was no reasonable suspicion or probable cause for the vehicle stop, Defendants Mann and Reiber fabricated evidence to justify the stop and detention of the Plaintiff.

43.     Furthermore, Defendant Mann and Defendant Reiber falsely accused that Plaintiff of pulling his weapon and firing in the direction of both Defendant Officer Mann and Defendant Officer Reiber, causing the Plaintiff to be falsely charged. The action of Defendant Mann and Defendant Reiber in fabricating the evidence against the Plaintiff, amounts to malicious prosecution.

44.     On June 19, 2015, all charges were dismissed against the Plaintiff. As a direct and proximate result of the actions of Defendant Officers Cyrus Mann and Joseph Reiber, the Plaintiff was maliciously prosecuted and as such, the Plaintiff's rights were violated under the Fourth and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C.

Section 1983. The Plaintiff suffered the loss of his physical liberty as suffered the emotional and psychological harm as a result of this violation.

## COUNT V: CONSPIRACY TO COMMIT MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. §1983

45. Paragraphs 1 through 44 of this Complaint are incorporated herein by reference.

46. The Defendant Police Officer officers, Cyrus Mann and Joseph Reiber, while acting under the color of state law and with deliberate indifference, unlawfully conspired to cause the Plaintiff to be falsely charged with two counts of attempted murder, aggravated assault and other charges. The Defendant's Mann and Joseph Reiber entered into an agreement to cause the Plaintiff to be arrested on these charges knowing that there was no probable cause or legal justification for these charges.

47. The actions of the Defendants Mann and Reiber in forming an agreement to fabricate charges against the Plaintiff violated the Plaintiffs rights under r the Fourth and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. Section 1983.

## COUNT VI - CITY OF PHILADELPHIA PURSUANT TO 42 U.S.C. §1983

48. Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

49. Prior date of this incident, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of individuals within the City of Philadelphia regarding the policy with respect to the use of deadly force, which caused a violation of Plaintiff's rights in this case.

50. It was the policy and/or custom of the City of Philadelphia Police Department to

- 13 -

utilize an improper policy regarding the use of deadly force. Furthermore, it was the policy and/or custom of the City of Philadelphia to provide inadequate training to initial recruits, as well as inadequate retraining of its officers on the proper use of deadly force. It was the policy and/or custom of the City of Philadelphia Police Department to provide improper and incomplete investigations regarding police involved shootings that led to inconsistent and inaccurate findings on whether excessive force had been used by officers during police involved shootings. It was the policy and/or practice of the Philadelphia Police Department to provide inadequate supervision of the police officers on the force on the proper use of deadly force. It was the policy and/or custom of the City of Philadelphia Police Department to provide inadequate discipline to those officers that engage in improper use of deadly force. Each one of these policies and/or customs followed by the City of Philadelphia Police Department amounts to deliberate indifference to the constitutional rights of the Plaintiff and caused the use of excessive force by Defendants Mann and Reiber against the Plaintiff in this case.

51. The City of Philadelphia's Police Department maintained policies that exhibits deliberate indifference to the constitutional rights of individuals within the City of Philadelphia. Specifically, it was the policy and/or custom of the City of Philadelphia to inadequately supervise, train, retrain, and discipline its police officers, including the Defendant Police Officers Mann and Reiber, in the use of deadly force, thereby failing to discourage further constitutional violations on the part of its police officers, including the named Defendant Officers Mann and Reiber. The City of Philadelphia did not require adequate in-service training, or retraining of its officers, who were known to have engaged in use of excessive

- 14 -

force, deadly force, and false arrests. Upon information and belief, Defendant Officer Mann had been responsible for at least two police involved shootings, as well as numerous unlawful and constitutional stops of vehicles prior to the shooting of the Plaintiff on June 26, 2014. Upon information and belief, following each of these two prior police involved shooting, Defendant Officer Mann was permitted to return to active duty without any discipline or retraining. The Philadelphia Police Department and police supervisory personnel, acted with deliberate indifference to the Plaintiff's rights by placing Defendant Officer Mann back on the street in a patrol capacity knowing that he had been involved in two prior police involved shootings that amounted to excessive use of deadly force. By failing to terminate, re-train, or discipline Defendant Officer Mann following the two prior officer involved shootings, the actions of the Philadelphia Police Department and supervisory personnel directly caused the constitutional violations committed by Defendant Mann upon the Plaintiff.

52.     Additionally, the City of Philadelphia Police Department was specifically made aware of the Defendant Mann's prior history of the improper use of deadly force based upon the two prior shootings detailed in paragraphs 16-19 of this Complaint.

53.     The failure of the Philadelphia Police Department Command and supervisory personnel to terminate Defendant Mann, re-train, reassign, or discipline Defendant Mann following his involvement in two prior officer involved shootings which amounted to use of excessive force, constitutes deliberate indifference, and was the direct cause of the constitutional violations committed by Defendant Mann and Reiber against the Plaintiff.

54.     As a result of the above-described policies and customs, police officers of the City of Philadelphia, including the Defendant Police officer Mann and Defendant Police

- 15 -

Officer Reiber, believed that their actions would not be properly monitored by supervisory

officers, and that the misconduct, including the use of excessive force, deadly force, and

unlawful stops, and by providing a fabricated story to justify the shooting, would not be

investigated or sanctioned, but rather would be tolerated. By their failure to act in view of

repeated constitutional violations by police officers improperly employing deadly force, the

policymaking officials of the Philadelphia Police Department acted with deliberate indifference

by creating an environment that has encouraged the improper use of deadly force which was

the direct cause of the use of excessive force against the Plaintiff in this case.

55.     The above-described policies and customs demonstrate a deliberate indifference

on the part of the policymakers of the City of Philadelphia, to the constitutional rights of

persons within the City generally, specifically the Plaintiff's rights under the Fourth and

Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. Section 1983,

and were the cause of the violations of Plaintiff's rights alleged therein.

### COUNT VII:  COMMON LAW ASSAULT AND BATTERY

56.     Paragraphs 1 through 55 of this Complaint are incorporated herein by reference.

57.     As a result of the actions and conduct of Defendant Police Officer Cyrus Mann

and Joseph Reiber, without just cause or lawful reason, these defendants committed assault and

battery on the person of the Plaintiff by shooting the Plaintiff multiple times,  resulting in

serious bodily injury to the Plaintiff which is permanent.  Additionally, Plaintiff suffered and

continues to suffer emotional distress, humiliation and embarrassment as a result of the

Defendant Police Officer officer's actions.

58.     As the direct and proximate cause of Defendant Police Officer's unlawful

actions, the Plaintiff suffered physical harm, emotional pain and suffering.

59.     As the direct and proximate cause of Defendant Police Officer's unlawful actions, the Plaintiff suffered physical harm, emotional pain and suffering.

### COUNT VIII:  COMMON LAW MALICIOUS PROSECUTION

60.     Paragraphs 1 through 59 of this Complaint are incorporated herein by reference.

61.     Defendant Police Officer Cyrus Mann and Joseph Reiber, falsely arrested, and fabricated statements which caused the Plaintiff to be maliciously charged with two counts of attempted murder, aggravated assault and related charges on each of the Defendant Officers, Cyrus Mann and Joseph Reiber.  The Defendant Officers Mann and Reiber fabricated evidence by submitting false statements in an effort to cover up their own misconduct.  Knowing that there was no reasonable suspicion or probable cause for the vehicle stop, Defendants Mann and Reiber fabricated evidence to justify the stop and detention of the Plaintiff.

62.     Furthermore, Defendant Mann and Defendant Reiber falsely accused that Plaintiff of pulling his weapon and firing in the direction of both Defendant Officer Mann and Defendant Officer Reiber, caused the Plaintiff to be criminally charged.  The action of Defendant Mann and Defendant Reiber in fabricating the evidence against the Plaintiff caused the Plaintiff to be criminally charged with attempted murder, aggravated assault and related charges.

63.     On June 19, 2015, all charges were dismissed against the Plaintiff.  As a direct and proximate result of the actions of Defendant Officers Cyrus Mann and  Joseph Reiber, the Plaintiff was maliciously prosecuted. The Plaintiff suffered the loss of his physical liberty as suffered the emotional and psychological harm as a result of this violation.

- 17 -

## COUNT IX:  CONSPIRACY TO COMMIT MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. §1983

64.     Paragraphs 1 through 63 of this Complaint are incorporated herein by reference.

65.     The Defendant Police Officer officers, Cyrus Mann and Joseph Reiber unlawfully conspired to cause the Plaintiff to be falsely charged with two counts of attempted murder, aggravated assault and other charges.  The Defendant's  Mann and Joseph Reiber entered into an agreement to cause the Plaintiff to be arrested on these charges knowing that there was no probable cause or legal justification for these charges.

64.     The actions of the Defendants Mann and Reiber in forming an agreement to fabricated charges against the Plaintiff causing the Plaintiff to be maliciously prosecuted for charges that the Defendants knew to be false.

WHEREFORE, the Plaintiff requests the following relief in an amount in excess of Fifty Thousand Dollars ($50,000.00):

(a)     Compensatory damages to the Plaintiff against the Defendant Police Officers jointly and severally;

(b)     Punitive damages to the Plaintiff against the Defendant Police Officers jointly and severally;

(c)     Reasonable attorney's fees and costs to the Plaintiff pursuant to Section 42 U.S.C. §1988;

(d)     Such other and further relief as appears reasonable and just.

Paul J. Hetznecker, Esquire
Attorney for Plaintiff Gregory Porterfield

- 18 -

JS 44 (Rev. 12/12)

Case 2:16-cv-02295-JD Document 1 Filed 05/11/16 Page 19 of 23

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GREGORY PORTERFIELD
54 East Collom Street
Philadelphia, PA 19144

**DEFENDANTS**

POLICE OFFICER CYRUS MANN
Badge Number 1781; POLICE OFFICER
JOSEPH REIBER, Badge Number 2234
and City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul J. Hetznecker, Esquire
1420 Walnut Street, Suite 911
Philadelphia, PA 19102
215-893-9640

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983 and 1988

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE   05/11/2016

SIGNATURE OF ATTORNEY OF RECORD

MAY 11 2016

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**2285**

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA** — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **54 East Collom Street, Philadelphia, PA 19144**

Address of Defendant: City of Philadelphia Law Department,   1515 Arch Street, Philadelphia, PA   19103

Place of Accident, Incident or Transaction:   Mascher Street and Godfrey Avenue, Philadelphia, PA   19136
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐     No☒

Does this case involve multidistrict litigation possibilities?          Yes☐     No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____

Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

     Yes☐     No☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

     Yes☐     No☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

     Yes☐     No☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes☐     No☒

CIVIL: (Place **IN** ONE CATEGORY ONLY)

| A. Federal Question Cases: | B. Diversity Jurisdiction Cases: |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☐ Other Personal Injury (Please specify) |
| 7. ☒ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability — Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify) |
| 11. ☐ All other Federal Question Cases | |
| (Please specify) | |

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Paul J. Hetznecker, Esquire _____, counsel of record do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐  Relief other than monetary damages is sought.

DATE: __5/11/16__          _____          __49990__
                              Attorney-at-Law                      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __5/11/16__          _____          __49990__
                              Attorney-at-Law                      Attorney I.D.#

CIV. 609 (6/08)

MAY 11 2016

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**16   2295**

Address of Plaintiff: ___ t Collom Street, Philadelphia, PA 19144

Address of Defen___ of Philadelphia Law Department,   1515 Arch Street, Philadelphia, PA   19103

Place of Accident, Incident or Transaction:   Mascher Street and Godfrey Avenue, Philadelphia, PA   19136
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____

Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☑

CIVIL: (Place ✏ **IN** ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Paul J. Hetznecker, Esquire _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/11/16

Attorney-at-Law   49990
Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/11/16

Attorney-at-Law   49990
Attorney I.D.#

CIV. 609 (6/08)

MAY 11 2016



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **GREGORY PORTERFIELD** | : | **CIVIL ACTION** 16 2295 |
| **54 East Collom Street** | : | |
| **Philadelphia, PA 19144** | : | |
| | : | |
| **Plaintiff** | : | **NO:** |
| vs. | : | |
| | : | |
| **POLICE OFFICER CYRUS MANN** | : | |
| **Badge Number 1781** | : | |
| **City of Philadelphia Law Department** | : | |
| **1515 Arch Street, 15ᵗʰ Floor** | : | **JURY TRIAL DEMANDED** |
| **Philadelphia, PA 19103** | : | |
| **and** | : | |
| **POLICE OFFICER JOSEPH REIBER** | : | |
| **Badge Number 2234** | : | |
| **City of Philadelphia Law Department** | : | |
| **1515 Arch Street, 15ᵗʰ Floor** | : | |
| **Philadelphia, PA 19103** | : | |
| **and** | : | |
| **CITY OF PHILADELPHIA** | : | |
| **Law Department** | : | |
| **1515 Arch Street, 15th Floor** | : | |
| **Philadelphia, PA 19103** | : | |
| | : | |
| **Defendants** | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

MAY 11 2016



**16   22✔5**

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( X )

May 11, 2016                                                                          _Perry J.V. Hetznecker_
**Date**                     **Attorney-at-law**                              **Attorney for Plaintiff**

**215-893-9640**        **215-893-0255**                           **phetznecker@aol.com**
**Telephone**             **FAX Number**                           **E-Mail Address**

**(Civ. 660) 10/02**

MAY 11 2016